JUDGE REARDEN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWIN PAGAN III,<br><br>Defendant. | SEALED INDICTMENT<br><br>24 Cr.<br><br>**24CRIM 641** |

### COUNT ONE
(Conspiracy to Bribe a Public Official)

The Grand Jury charges:

#### Overview

1. From in or about October 2018 through in or about January 2020, EDWIN PAGAN III, the defendant, and others known and unknown, paid and assisted in paying bribes to a senior-level special agent ("Agent-1") with the Drug and Enforcement Administration ("DEA") in return for Agent-1 providing nonpublic, confidential DEA information. PAGAN, while employed as a DEA task force officer and a local police detective, participated in the bribery conspiracy by, among other things, acting as an intermediary for tens of thousands of dollars in bribes paid to Agent-1 in order to conceal direct links between the bribe payors and the bribe payments. In return for the bribe payments, Agent-1 provided nonpublic, confidential DEA information to, among others, a private investigator and former DEA supervisor ("Investigator-1") so that Investigator-1 and others Investigator-1 worked with could use that information to recruit and represent criminal defendants, including targets of DEA investigations.

2. In or about November 2023, EDWIN PAGAN III, the defendant, made false statements while testifying under oath in a federal criminal trial regarding tens of thousands of dollars of bribe payments that he transferred to Agent-1.

### The Defendant and Other Related Parties

3. At all times relevant to this Indictment, EDWIN PAGAN III, the defendant, was a detective with a local Florida police department. From in or about November 2010 through in or about October 2021, PAGAN was a task force officer with the DEA. A task force officer is a state or local law enforcement officer who works full-time with the DEA and is deputized to exercise federal authority.

4. At all times relevant to this Indictment, Agent-1 was a special agent with the DEA. From in or about June 2014 until on or about June 23, 2019, Agent-1 served as a group supervisor in the DEA's Miami Field Office. From at least on or about June 23, 2019, through at least in or about November 18, 2019, Agent-1 worked at DEA headquarters in Washington, D.C.

5. Investigator-1 was a special agent with the DEA from in or about 1997 until his retirement in or about November 2018. After retiring from the DEA, Investigator-1 worked as a private investigator primarily for criminal defense attorneys, including for a certain criminal defense attorney (the "Attorney").

### STATUTORY ALLEGATIONS

6. From at least in or about October 2018 through in or about January 2020, in the Southern District of New York and elsewhere, EDWIN PAGAN III, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, bribery, in violation of Title 18, United States Code, Section 201(b)(1)(C).

7. It was a part and an object of the conspiracy that EDWIN PAGAN III, the defendant, and others known and unknown, directly and indirectly, would and did corruptly give, offer, and promise something of value to a public official, and offer and promise a public official

to give something of value to another person and entity, with intent to induce such public official to do an act and omit to do an act in violation of the lawful duty of such official, in violation of Title 18, United States Code, Section 201(b)(1)(C).

### Overt Acts

8.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.  On or about January 17, 2019, EDWIN PAGAN III, the defendant, communicated by text message with the Attorney about PAGAN attending a meeting at a restaurant (the "Restaurant") in Coral Gables, Florida, with Agent-1 and Investigator-1, in furtherance of the bribery conspiracy.

   b.  On or about January 17, 2019, PAGAN attended a meeting at the Restaurant with Agent-1, Investigator-1, and the Attorney.

   c.  On or about January 17, 2019, less than two hours after PAGAN agreed to meet at the Restaurant, PAGAN withdrew a $50,000 cashier's check from a bank located within walking distance of the Restaurant. The $50,000 cashier's check was made out to Agent-1's close family member, but was used towards the down payment on a condominium purchased by Agent-1 (the "Condominimum"). Agent-1 subsequently misrepresented the source of the $50,000 payment to Agent-1's mortgage provider.

   d.  On or about January 29, 2019, PAGAN and Agent-1, discussed by text message the formation of a company (the "Shell Company") that PAGAN would use to funnel benefits to Agent-1 in furtherance of the bribery conspiracy.

e. On or about February 14, 2019, EDWIN PAGAN III, the defendant, established a bank account in the name of the Shell Company (the "Shell Company Bank Account"), for the purpose of using the Shell Company Bank Account to funnel funds to Agent-1 in furtherance of the bribery conspiracy.

f. On or about February 14, 2019, PAGAN sent the username and password for the Shell Company Bank Account to Agent-1 via electronic message.

g. On or about April 16, 2019, in furtherance of the bribery conspiracy, the Attorney and Agent-1 traveled to the Southern District of New York, and, during this trip to the Southern District of New York, the Attorney provided Agent-1 with things of value, including tickets to a New York Yankees game and an expensive dinner. During the game, Agent-1 sent electronic messages containing pictures from the Yankees game to Investigator-1, who was located outside of the Southern District of New York.

h. On or about April 22, 2019, Investigator-1 wrote a check for $10,000 from the bank account of an investigations company Investigator-1 owned (the "Investigative Company") to the Shell Company Bank Account, which PAGAN controlled, and from which Agent-1 received things of value.

i. On or about June 5, 2019, Investigator-1 wrote a check for $10,750 from the Investigative Company to the Shell Company Bank Account, which PAGAN controlled, and from which Agent-1 received things of value.

j. On or about July 16, 2019, Investigator-1, while in the Southern District of New York, spoke by telephone with Agent-1, who was located outside of the Southern District of New York, regarding law enforcement sensitive information that Agent-1 was providing to Investigator-1 in breach of Agent-1's official duties.

k.     On or about October 7, 2019, Agent-1 purchased a personal airline ticket using the Shell Company Bank Account.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Bribery of a Public Official)

The Grand Jury further charges:

9.     The allegations contained in paragraphs 1 through 5 and 8(a) through 8(k) of this Indictment are repeated and realleged as if fully set forth herein.

10.    From at least in or about October 2018 through in or about January 2020, in the Southern District of New York and elsewhere, EDWIN PAGAN III, the defendant, directly and indirectly, corruptly gave, offered, and promised something of value to a public official, and offered and promised a public official to give something of value to another person and entity, with intent to induce such public official to do an act and omit to do an act in violation of the lawful duty of such official, to wit, PAGAN and others provided things of value to Agent-1, a DEA employee and supervisor, in exchange for Agent-1 sharing nonpublic, confidential DEA information, including information about sealed indictments, forthcoming arrests, investigations, and the results of DEA database searches, and assisting Investigator-1 and others with cases involving charged defendants, in violation of Agent-1's duties as a DEA employee.

(Title 18, United States Code, Sections 201(b)(1)(C) and 2.)

## COUNT THREE
### (Conspiracy to Commit Honest Services Wire Fraud)

The Grand Jury further charges:

11.    The allegations contained in paragraphs 1 through 5 and 8(a) through 8(k) of this Indictment are repeated and realleged as if fully set forth herein.

5

12. From at least in or about October 2018 through in or about January 2020, in the Southern District of New York and elsewhere, EDWIN PAGAN III, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346.

13. It was a part and an object of the conspiracy that EDWIN PAGAN III, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and to deprive the public and the DEA of their intangible right to the honest services of Agent-1, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346, to wit, Agent-1, PAGAN, Investigator-1, and others known and unknown agreed that Agent-1 would share nonpublic, confidential DEA information in violation of Agent-1's lawful duty, including information about sealed indictments, forthcoming arrests, investigations, and the results of DEA database searches, and assist Investigator-1 and others with cases involving charged defendants in exchange for bribes paid through PAGAN and others, and did transmit and cause to be transmitted interstate email and telephonic communications, to and from the Southern District of New York and elsewhere, in furtherance of the scheme.

(Title 18, United States Code, Section 1349.)

## COUNT FOUR
### (Honest Services Wire Fraud)

The Grand Jury further charges:

14. The allegations contained in paragraphs 1 through 5 and 8(a) through 8(k) of this

Indictment are repeated and realleged as if fully set forth herein.

15. From at least in or about October 2018 through in or about January 2020, in the Southern District of New York and elsewhere, EDWIN PAGAN III, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and to deprive the public and the DEA of their intangible right to the honest services of Agent-1, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, PAGAN acted as an intermediary for bribe payments made to Agent-1 in return for Agent-1, in violation of Agent-1's lawful duty, providing nonpublic, confidential DEA information to, among others, Investigator-1 so that Investigator-1 and others Investigator-1 worked with could use that information to recruit and represent criminal defendants, including targets of DEA investigations, and transmitted and caused to be transmitted interstate email and telephonic communications, to and from the Southern District of New York and elsewhere, in furtherance of the scheme.

(Title 18, United States Code, Sections 1343, 1346, and 2.)

## COUNT FIVE
(Perjury)

The Grand Jury further charges:

16. The allegations contained in paragraphs 1 through 5 and 8(a) through 8(k) of this Indictment are repeated and realleged as if fully set forth herein.

17. On or about November 6, 2023, in the Southern District of New York, EDWIN PAGAN III, the defendant, while under oath (and in any declaration, certification, verification, and statement under penalty of perjury as permitted under Title 28, United States Code, Section 1746) in a proceeding before and ancillary to a court of the United States, to wit, a criminal trial

before the United States District Court for the Southern District of New York, docket number 22 Cr. 281, knowingly made a false material declaration and made and used other information, including any book, paper, document, record, recording, and other material, knowing the same to contain any false material declaration, to wit, PAGAN falsely testified under oath that the January 2019 cashier's check in the amount of $50,000 that PAGAN paid to Agent-1's close family member was an "investment" when, in truth and in fact, the check was a bribe payment to Agent-1 that Agent-1 used as his down payment for the Condominium, including through the false testimony underlined below:

> Q: Did there come a time when you invested money in a property that was purchased by [Agent-1]?
>
> A: <u>Yes.</u>
>
> . . .
>
> Q: So in January of 2019, you wrote a $50,000 cashier's check to [Agent-1's close family member], right?
>
> A: Yes.
>
> Q: That's [Agent-1's close family member] right?
>
> A: Yes.
>
> Q: And this money, though, was intended for [Agent-1]; is that right?
>
> A: <u>It was an investment in a house</u>.
>
> . . .
>
> Q: So you discussed how much of the house you would own, right?
>
> A: No, I didn't have any formal conversations about anything. <u>It was basically an investment, and . . . so there was no formal agreement. It was an investment and once the</u>

house was sold, we'll figure it out then.

(Title 18, United States Code, Section 1623.)

## COUNT SIX
**(Perjury)**

The Grand Jury further charges:

18.     The allegations contained in paragraphs 1 through 5 and 8(a) through 8(k) of this Indictment are repeated and realleged as if fully set forth herein.

19.     On or about November 6, 2023, in the Southern District of New York, EDWIN PAGAN III, the defendant, while under oath (and in any declaration, certification, verification, and statement under penalty of perjury as permitted under Title 28, United States Code, Section 1746) in a proceeding before and ancillary to a court of the United States, to wit, a criminal trial before the United States District Court for the Southern District of New York, docket number 22 Cr. 281, knowingly made a false material declaration and made and used other information, including any book, paper, document, record, recording, and other material, knowing the same to contain any false material declaration, to wit, PAGAN falsely testified under oath about an invoice to Investigator-1 for a 2019 transfer of $10,000 to the Shell Company Bank Account that PAGAN claimed was an investment when, in truth and in fact, the payment was a bribe payment to Agent-1, including through the false testimony underlined below:

Q: Officer Pagan, do you recognize [Government Exhibit 503]?

A: Yes.

Q: What is it?

A: This is an invoice I wrote out to [Investigator-1] for $10,000 which as the investment of the risk management company we were going to start, specifically office space.

. . .

Q: Was the $10,000 payment a bribe for [Agent-1]?

A: <u>No</u>.

(Title 18, United States Code, Section 1623.)

## COUNT SEVEN
### (Perjury)

The Grand Jury further charges:

20.   The allegations contained in paragraphs 1 through 5 and 8(a) through 8(k) of this Indictment are repeated and realleged as if fully set forth herein.

21.   On or about November 6, 2023, in the Southern District of New York, EDWIN PAGAN III, the defendant, while under oath (and in any declaration, certification, verification, and statement under penalty of perjury as permitted under Title 28, United States Code, Section 1746) in a proceeding before and ancillary to a court of the United States, to wit, a criminal trial before the United States District Court for the Southern District of New York, docket number 22 Cr. 281, knowingly made a false material declaration and made and used other information, including any book, paper, document, record, recording, and other material, knowing the same to contain any false material declaration, to wit, PAGAN falsely testified under oath about a 2019 transfer of $10,750 to the Shell Company Bank Account that PAGAN claimed was for work he had done for Investigator-1 when, in truth and in fact, the payment was a bribe to Agent-1, including through false testimony underlined below:

Q: Officer Pagan, do you recognize [Government Exhibit 506]?

A: Yes.

Q: What is it?

A: <u>It's an invoice for work I did, addressed to [Investigator-1], that I did for [Investigator-1]</u>.

10

Q: And who created this invoice?

A: I did.

Q: What was this invoice for?

A: <u>It was for a case that [Investigator-1] was working that he had. It was a bribery case, and he had a lot of documents to go through, so he asked me to help him.</u>

. . .

Q: And did [Investigator-1] pay the invoice?

A: Yes.

Q: How much did he pay?

A: $10,750.

Q: And was that $10,750 a payment for a bribe to [Agent-1]?

A: <u>No.</u>

(Title 18, United States Code, Section 1623.)

## COUNT EIGHT
### (Perjury)

The Grand Jury further charges:

22. The allegations contained in paragraphs 1 through 5 and 8(a) through 8(k) of this Indictment are repeated and realleged as if fully set forth herein.

23. On or about November 6, 2023, in the Southern District of New York, EDWIN PAGAN III, the defendant, while under oath (and in any declaration, certification, verification, and statement under penalty of perjury as permitted under Title 28, United States Code, Section 1746) in a proceeding before and ancillary to a court of the United States, to wit, a criminal trial before the United States District Court for the Southern District of New York, docket number 22 Cr. 281, knowingly made a false material declaration and made and used other information,

11

including any book, paper, document, record, recording, and other material, knowing the same to contain any false material declaration, to wit, PAGAN falsely testified under oath that certain 2019 payments from the Shell Company Bank Account reflected money that PAGAN owed Agent-1 for a car and tires when, in truth and in fact, the payments were bribes to Agent-1, including through the false testimony underlined below:

Q: [I]s this a summary of the transactions from your [Shell Company] bank account?

A: Yes.

Q: And do you see three line items for flights from American Airlines?

A: Yes.

Q: Who purchased those flights?

A: We had a conversation because I owed him money for the car and for the tires and I said I'll – just whenever you come down, I'll take care of your flights.

Q: Who did you have that conversation with?

A: [Agent-1].

Q: And did you have an understanding of why [Agent-1] was purchasing these flights?

A: Yes.

Q: Why was he purchasing them?

A: It was repaying for the car, the insurance, and the tires.

(Title 18, United States Code, Section 1623.)

### FORFEITURE ALLEGATIONS

24.    As a result of committing the offenses alleged in Counts One through Four of this Indictment, EDWIN PAGAN III, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c),

all property, real and personal, which constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One through Four, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Asset Provision

25.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of EDWIN PAGAN III, the defendant,

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p); and Title 28, United States Code, Section 2461 to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853;
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney